IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:14-cv-02286-MSK-NYW

THOMAS E. PEREZ, Secretary of Labor,
United States Department of Labor,

     Plaintiff,

          v.

LOCAL 1001, AMALGAMATED TRANSIT UNION,

     Defendant.

## STIPULATED MOTION TO SET BRIEFING SCHEDULE

The parties have been able to agree to settlement of the claim in this case, with the exception of the scope of the applicable statutory remedy. Defendant concedes that the elections for union offices held on December 2, 2013, did not comport with the ballot secrecy requirements of the Labor-Management Reporting and Disclosure Act of 1959 (LMRDA or "Act"), 29 U.S.C. §§ 481-483. (*See* Doc. 27, Status Report filed July 28, 2015), affecting the outcome of the election of officers identified by the Department of Labor in its complaint. Accordingly, Defendant agrees that the remedy provided by the Act is for Defendant's election for those offices be "declared void" and for a "new election," to be held and supervised by the Department of Labor ("DOL"). 29 U.S.C. §§ 482 (c)(2).

Still at issue, however, is whether in the context of this supervised election the Secretary can require new nominations for all the races subject to the new election. The Secretary interprets the statute as voiding the contested election and requiring a new election, including opening new nominations where, as here, the nominations in the tainted election were made over

a year ago. The union insists that nominations be opened in just those races where no contested election remains because all of the prior candidates are no longer members of the appropriate bargaining unit or of the union.

In order to resolve this remaining impediment to settlement, the parties propose that the scope of the remedy issue be briefed and submitted for resolution to the Court pursuant to Fed. R. Civ. P. 56, which provides for resolution of specific issues of a claim or defense. The specific issue that the Court would be required to decide, based on a set of stipulated facts, is whether the union must solicit and obtain new nominations for all of the affected races, rather than re-running the DOL-supervised elections with the nominations made for the December 2, 2013, election.

The parties propose that Plaintiff would submit an opening brief by September 30, 2015; Defendant would respond by October 30, 2015, and Plaintiff reply, if necessary, by November 13, 2015. The parties would submit on September 30, 2015, a stipulated set of facts upon which the Court would base its ruling concerning the appropriate scope of the remedy under the Act.

WHEREFORE the parties respectfully request that the Court set a briefing schedule, as set forth above, to permit the Court to determine the appropriate scope of the statutory remedy applicable to Defendant's violation of the Act as alleged in Plaintiff's Complaint (Doc. 1) and for any other relief deemed just and proper.

JOHN F. WALSH
United States Attorney

| s/ *Mark S. Pestal* | s/ *Richard Rosenblatt* |
|---|---|
| Assistant U.S. Attorney | Richard Rosenblatt, Esq. |
| 1225 Seventeenth Street, Suite 700 | Rosenblatt & Gosch, PLLC |
| Seventeenth Street Plaza | 8085 East Prentice Avenue |
| Denver, Colorado 80202 | Greenwood Village, Colorado 80111-2745 |
| (303) 454-0100 | (303) 721-7399 |
| Mark.pestal@usdoj.gov | rrosenblatt@cwa-union.org |
| Attorneys for Plaintiff | Attorney for Defendant |